UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:19-cv-8-MOC
5:13-cr-53-MOC-DCK-9

| | |
|---|---|
| ABBY WILMOTH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on review of Petitioner's Amended 28 U.S.C. § 2255 Motion to Vacate, (Doc. No. 3).

I.     **BACKGROUND**

Petitioner was indicted in the underlying criminal case for: Count (1), conspiracy to distribute, possess with intent to distribute, and manufacture methamphetamine (21 U.S.C. §§ 846, 841(b)(1)(A)); Count (2), possession and distribution of pseudoephedrine (21 U.S.C. §§ 841(c)(2), 802(34)(K)); Counts (10), (12) and (15), possession of materials to make methamphetamine (21 U.S.C. § 843(a)(6), (d)(2), 18 U.S.C. § 2); and Counts (11), (13) and (14), maintaining premises for manufacturing and distributing methamphetamine (21 U.S.C. § 856(a)(1), 18 U.S.C. § 2). (5:13-cr-53, Doc. No. 3). Petitioner entered a straight-up guilty plea to all counts on April 15, 2014. See (5:13-cr-53, Doc. No. 205).

The PSR notes that Count (1) carries a 120-month minimum mandatory sentence. See 21 U.S.C. §§ 846, 841(b)(1)(A); (5:13-cr-53, Doc. No. 336). The base offense level for Count (1) was 30 because the amount of methamphetamine was at least 50 grams but less than 150 grams. (5:13-cr-53, Doc. No. 336 at ¶ 30). Two levels were added because a dangerous weapon was possessed.

1

(Id. at ¶ 21). Three more levels were added pursuant to U.S. Sentencing Guidelines Section 2D1.1(b)(13)(C)(ii) because "the offense involved the manufacture of methamphetamine and the offense created a substantial risk of harm to (I) human life other than a life described in subdivision (D); or (II) the environment." (Id. at ¶ 22). The adjusted offense level subtotal for Count (1) was therefore 35. (Id. at ¶ 26). The base offense level for Count (2) was 30 because the offense involved at least 100 grams, but less than 300 grams of pseudoephedrine. (Id. at ¶ 27). Two levels were added because a dangerous weapon was involved and two more levels were added because the offense involved the unlawful discharge of a hazardous or toxic substance or the unlawful transportation, treatment, storage, or disposal of hazardous waste. (Id. at ¶ 28-29). The adjusted offense level subtotal for Count (2) was therefore 35. Counts (10), (12), and (15) were grouped. The base offense level for those counts was 12 because Petitioner intended to manufacture a controlled substance or knew the prohibited equipment, product, or material was to be used to manufacture a controlled substance. (Id. at ¶ 36). Two levels were added because the offense involved an unlawful discharge of a hazardous or toxic substance or the unlawful transportation, treatment, storage, or disposal of hazardous waste. (Id. at ¶ 37-38). The adjusted total offense level subtotal for those counts was therefore 35. (Id. at ¶ 43). Counts (11), (13), and (14) were grouped. The base offense level was 35 because that is the offense level applicable to the underlying controlled substance offense. (Id. at ¶ 35). The highest adjusted offense level subtotal for those counts is 35. (Id. at ¶ 50). The highest offense level applicable to the group is 35, and three levels were deducted for acceptance of responsibility, and the total offense level was therefore 32. (Id. at ¶¶ 51, 53-55). No Chapter Four enhancements were applied. (Id. at ¶ 52).

The PSR's criminal history section scored the following priors: case number 10CR53423 for common law forgery, exceeding pseudoephedrine limits, and failure to pay; case number

11CR643 for larceny; case number 11CRS52992, -93, and -96 for possession of a counterfeit instrument; and 13CR50785, -86, -87, -90, -91, -93, and -96 for breaking and entering, larceny, conspiracy to break and enter, first degree trespass, and injury to personal property. (Id. at ¶¶ 69-72). This resulted in four criminal history points, and two more points were added for committing the instant offense while under a criminal justice sentence. (Id. at 73-74). The total criminal history score was therefore six and the criminal history category was III. (Id. ¶ 105). This resulted in an advisory guideline range of 151 to 188 months' imprisonment. (5:13-cr-53, Doc. No. 336, ¶ 105).

The Court sustained Petitioner's PSR objections to the enhancement for a firearm which resulted in a revised total offense level of 30, the criminal history category remained III, and the revised advisory range became 121 to 151 months' imprisonment. See (Id., Doc. No. 371). The Court imposed a sentence below the advisory range of 120 months' imprisonment for each count, concurrent, which is the statutory minimum sentence for Count (1). (Id., Doc. No. 370); see (Id., Doc. No. 371).

Appellate counsel filed a memorandum brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there were no meritorious grounds for appeal but questioning the validity of Petitioner's guilty plea and the reasonableness of her sentence. Petitioner did not file a supplemental *pro se* appellate brief. However, the Fourth Circuit directed supplemental briefing on whether the Court properly applied a sentencing enhancement for creating a substantial risk of harm.

On August 29, 2016 the Fourth Circuit affirmed, finding that the guilty plea was knowing, voluntary, and supported by a sufficient factual basis; that any error regarding the sentencing enhancement was harmless in light of the Court's imposition of the minimum mandatory sentence of 120 months' imprisonment; and that Petitioner failed to overcome the presumption that her

downward variant sentence was presumptively reasonable. The Fourth Circuit also reviewed the entire record in accordance with Anders and found no meritorious issues for appeal. United States v. Wilmoth, 668 Fed. Appx. 455 (4th Cir. 2016).

Petitioner's filed a petition pursuant to 28 U.S.C. § 2241 in the U.S. District Court for the District of Minnesota in which she attempted to attack the underlying criminal case pursuant to the savings clause, case number 0:18-cv-2504. See 28 U.S.C. § 2255(e). The Minnesota court dismissed the § 2241 petition without prejudice for lack of jurisdiction, in part, because Petitioner never sought relief pursuant to § 2255. The Minnesota District Court also transferred Petitioner's § 2255 Motion to Vacate, which Petitioner filed on November 14, 2018, to this Court where it was opened as the instant civil action. See Wilmoth v. Barnes, 2019 WL 135703 (D. Minn. Jan. 8, 2019); (Doc. No. 1-1).

On initial review, this Court found that the § 2255 Motion to Vacate was too vague and conclusory to proceed and ordered Petitioner to file an Amended § 2255 Motion to Vacate. (Doc. No. 2). Petitioner was specifically instructed to address timeliness and was cautioned that her failure to do so would probably result in this case's dismissal as time-barred. (Doc. No. 2 at 3).

Petitioner filed the instant Amended § 2255 Motion to Vacate on February 15, 2019. (Doc. No. 3). Petitioner has raised a single claim entitled "Violation of Constitutional Right – Amendment V Due Process 2255(f)(3)." (Doc. No. 3 at 4). She argues *verbatim*:

> Defendant makes claim to the Supreme Court decision in "Sessions v. Dimaya" 138 S.Ct. 1204 (2018). This decision found that the ambiguous language in a "crime of violence" has been declared unconstitutionally vague. Defendant is convicted of "manufacturing" methamphetamine. This act is a "crime of violence" due to the "substantial risk of harm" involved in "manufacturing" methamphetamine.

(Doc. No. 3 at 4).

Petitioner contends that her § 2255 Motion to Vacate was timely filed within one year of

4

Dimaya's issuance. She seeks remand for resentencing.

## II.     STATUTE OF LIMITATIONS

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

A one-year period of limitations applies to § 2255 petitions. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

A federal judgment becomes final for purposes of 2255(f)(1) "when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari," or, if a petitioner does not seek certiorari, "when the time for filing a certiorari petition expires." Gonzalez v. Thaler, 565 U.S. 134, 149 (2012) (quoting Clay v. United States, 537 U.S. 522, 532 (2003)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior

5

proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the arguments presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

### III. DISCUSSION

Petitioner's conviction and sentence became final on November 28, 2016, when the 90-day period for filing a petition for writ of certiorari expired. See Clay, 537 U.S. at 532. The one-year statute of limitations under § 2255(f)(1) therefore expired on November 28, 2017. Petitioner filed the § 2255 Motion to Vacate in the instant case nearly a year late on November 14, 2018, and she filed the Amended § 2255 Motion to Vacate more than a year late on February 15, 2019. The § 2255 Motion to Vacate and the Amended Motion to Vacate are therefore time-barred under § 2255(f)(1).

Petitioner contends that the instant proceedings are timely under § 2255(f)(3) because she filed her § 2255 Motion to Vacate within a year of the Supreme Court's decision in Dimaya, which was issued on April 17, 2018.[1] Petitioner has failed to state a Dimaya claim and, therefore, the Amended § 2255 Motion to Vacate will be dismissed with prejudice as time-barred and, alternatively, denied on the merits.

In Johnson v. United States, 135 S.Ct. 2551 (2015), the Supreme Court announced that the Armed Career Criminal Act's ("ACCA") residual clause[2] is void for vagueness. Johnson's holding recognizes a retroactively applicable right. See Welch v. United States, 136 S.Ct. 1257, 1265

---

[1] The Court need not address Dimaya's retroactivity because it is inapplicable to Petitioner's case.

[2] ACCA defines a "violent felony" as any felony that: "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*"18 U.S.C.A. § 924(e)(2)(B) (emphasis added). The italicized portion of the definition is referred to as the residual clause.

6

(2016). In Dimaya, the Supreme Court was asked to determine whether 18 U.S.C. § 16(b), which defines "crime of violence" in terms close to those in the ACCA's residual clause, is also unconstitutionally vague. The Dimaya Court held that Section 16(b) is indeed unconstitutionally vague for the same reasons as ACCA's residual clause. Johnson and Dimaya are inapplicable to Petitioner's case and therefore the Amended § 2255 Motion to Vacate is time-barred and meritless.

First, Petitioner appears to argue that her conviction for conspiracy to manufacture methamphetamine in Count (1) is invalid because the statute's reference to a "crime of violence" renders it unconstitutionally vague.

Petitioner was convicted in Count (1) of conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 846, 841(b)(1)(A). A violation of § 841(b)(1)(A) is punishable by not less than 10 years imprisonment and not more than life imprisonment and at least five years of supervised release. The statute provides for higher minimum mandatory sentences of imprisonment and supervised release if the violation occurs after the defendant has been convicted of "a serious drug felony or serious violent felony…." 21 U.S.C. § 841(b)(1)(A). A "serious violent felony" is defined in § 802 as (A) an offense described in section 3559(c)(2) of Title 18 for which the offender served a term of imprisonment of more than 12 months; and (B) any offense that would be a felony violation of section 113 of Title 18 for which the offender served a term of imprisonment of more than 12 months. Section 3559(c)(2)(F)(ii), in turn, defines a "serious violent felony" as, *inter alia*, any other offense punishable by a maximum term of imprisonment of 10 years or more that "has as an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the course of committing the offense."

The Court need not address the applicability of Johnson and/or Dimaya to §

7

3559(c)(2)(F)(ii) and, by extension to § 841, because Petitioner did not receive an increased statutory minimum mandatory sentence based on any prior convictions. Petitioner was sentenced to 12 years' imprisonment which is the minimum mandatory sentence for violating § 841(b)(1)(A) without regard to any enhancing factors. Her contention that her minimum mandatory sentence was increased for having previously been convicted for a serious violent felony is conclusively refuted.

Second, construing the *pro se* Amended § 2255 Motion to Vacate liberally, Petitioner may also be attempting to challenge the imposition of the three-level enhancement under U.S. Sentencing Guidelines Section 2D1.1(b)(13)(C)(ii) (2014) for creating a substantial risk of harm to human life or the environment. This claim fails because the advisory sentencing guidelines are not subject to vagueness challenges. Beckles v. United States, 137 S.Ct. 886 (2017). Indeed, the Court chose to vary below the advisory guideline range and sentence Petitioner to the minimum mandatory statutory sentence for Count (1) of 12 years' imprisonment.

Petitioner has failed to demonstrate that her Amended § 2255 Motion to Vacate was timely filed within a year of a retroactively applicable Supreme Court decision pursuant to § 2255(f)(3) and it will therefore be dismissed with prejudice as time-barred. See, e.g., United States v. Brown, 868 F.3d 297, 303 (4th Cir. 2017) (holding that, because Johnson did not recognize the right the defendant asserted, § 2255(f)(3) did not re-start his time to file his motion to vacate). Alternatively, Petitioner's claims are conclusively refuted by the record and they would be denied on the merits even if they were not time-barred.

IV. **CONCLUSION**

The Amended § 2255 Motion to Vacate is therefore dismissed with prejudice as time-barred and, alternatively, denied on the merits.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended § 2255 Motion to Vacate is **DISMISSED** with prejudice and **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 22, 2019

*[signature]*

Max O. Cogburn Jr.
United States District Judge